# Exhibit O

## Plaintiff’s Responses to Defendant’s First Set of Interrogatories to Plaintiff at Int. # 12, p. 13

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No.: No. 3:24-cv-01068-FDW-SCR**

| | |
|---|---|
| **BETH ARBUCKLE**, <br> Plaintiff, <br> v. <br> **WELLS FARGO BANK, N.A.,** <br> Defendant. | **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

Plaintiff Beth Arbukle ("Plaintiff") hereby provides responses to Defendant Wells Fargo Bank, N.A.'s First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

It should be noted that Plaintiff has not fully completed her investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based upon such information as is presently available to and specifically known to this Plaintiff and disclose only those contentions which occur to such Plaintiff. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, and add meaning to the known facts, as well as establish entirely new factual contentions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The responses contained herein are made in a good faith effort to supply as

**d) Truth Social - Barbuckle**

12. Identify any position for which you applied during your employment with Defendant, including, but not limited to, the name of the position, the date which you applied, and the hiring manager.

**ANSWER: Plaintiff refers to the General Objections set forth above. Plaintiff further objects on the grounds that the interrogatory is compound, overbroad, too broad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the interrogatory seeks information that infringes on the right to privacy and/or attorney-client privilege. Plaintiff objects on the grounds that this interrogatory is unduly burdensome, harassing and oppressive. Without waiving said objections, Plaintiff responds as follows:**

| **POSITION** | **DATE** | **HIRING MANAGER** |
|---|---|---|
| **VP Finance Consultant** | **2004** | **Judy C** |
| **VP Finance Consultant** | **2006** | **Judy C** |
| **VP Finance Senior Consultant** | **2008** | **Ben Harrigan** |
| **VP Finance Manager** | **2009** | **Edwin Neal** |
| **SVP Finance Manager** | **2013** | **Paul Foody** |
| **SVP Finance Senior Manager 5** | **2014** | **Dale Pearch** |
| **SVP Finance Senior Manager 5** | **2016** | **Charlie Roberson** |
| **SVP Accounting Senior Manager 6** | **2017** | **LeRoy Davis** |
| **SVP Treasury Finance Senior Manager** | **2018** | **LeRoy Davis** |
| **Finance Manager** | **2019** | **N/A** |
| **SVP Treasury Finance Senior Manager** | **2019** | **Paul Foody** |

| | | |
|---|---|---|
| **SVP Treasury Finance Senior Manager** | **2021** | **Paul Foody** |
| **SVP Treasury Finance Senior Manager** | **2022** | **LeRoy Davis** |
| **SVP Treasury Finance Senior Manager** | **2022** | **Jamie Escaler** |
| **Finance Director - Corporate & Investment Banking** | **October 2022** | **April Frazer** |
| **Finance Director - Wealth & Investment Management** | **November 2022** | **Jennifer Madara** |
| **SVP Treasury Finance Senior Manager** | **2023** | **Heather Boucher** |
| **Finance Director - Commercial Banking** | **May 2023** | **Steve Macko** |
| **ED Finance Senior Director** | **July 5, 2025** | **TITLE CHANGE** |

13. For all medications prescribed to you by a medical provider for any physical or mental illness or impairment at any time during the period of January 1, 2015, to the present, state: the name of the medication; the general purpose of the medication; the name and address of the medical provider who prescribed the medication; the inclusive dates during which you were prescribed the medication; and the inclusive dates during which you took the medication.

**ANSWER: Plaintiff refers to the General Objections set forth above. Plaintiff further objects on the grounds that the interrogatory is compound, overbroad, too broad, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the interrogatory seeks information that infringes on the right to privacy and/or attorney-client privilege. Plaintiff objects on the grounds that this interrogatory is unduly burdensome, harassing and oppressive. Without waiving said objections, Plaintiff responds as follows: All of Plaintiff's health care information is CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER entered by the Court in this matter at 3:07-MC-47 Doc. No. 3. Plaintiff's list of medication is provided in response to Defendant's Request for Production of Documents.**

b) *Individual Authorization for Release of Medical Records Under HIPAA Privacy Rules*

**RESPONSE: Plaintiff objects to this Request on the grounds that it is overly broad and burdensome. Plaintiff objects to this request on the grounds that it is compound, vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks documents protected from disclosure by attorney-client privilege and/or the attorney work product doctrine. Without waiving said objections, Plaintiff responds as follows: responsive, non-privileged documents will be produced.**

18. All documents obtained from any nonparty or any third-party related to this Action, whether in response to a subpoena, public records request, Freedom of Information Act request, or other request, whether formal or informal.

**RESPONSE: Plaintiff objects to this Request on the grounds that it is overly broad and burdensome in the use of the phrase "all documents." Plaintiff objects to this request on the grounds that it is compound, vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks documents protected from disclosure by attorney-client privilege and/or the attorney work product doctrine. Without waiving said objections, Plaintiff responds as follows: responsive, non-privileged documents will be produced.**

19. All documents you intend to use to as evidence at trial, including to impeach any witnesses' credibility.

**RESPONSE: Plaintiff objects to this Request on the grounds that it is overly broad and burdensome in the use of the phrase "all documents." Plaintiff objects to this request on the grounds that it is compound, vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks documents protected from disclosure by attorney-client privilege and/or the attorney work product doctrine. Without waiving said objections, Plaintiff responds as follows: responsive, non-privileged documents will be produced.**

Dated this 18th day of August 2025.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB#26590
GessnerLaw, PLLC
602 East Morehead
Charlotte, North Carolina 28202
Tel: (704) 234-7442; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com

*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on August 18, 2025, the foregoing **Plaintiff's Responses to Defendant's First Set of Interrogatories and Request for Production of Documents to Plaintiff** was served on opposing counsel via email as follows:

Florence Thompson
Jackson Lewis P.C.
200 South College Street, Suite 1550
Charlotte, North Carolina 28202
florence.thompson@jacksonlewis.com

Stephanie Satterfield
Jackson Lewis P.C.
15 South Main Street, Suite 700
Greenville, South Carolina 9601
stephanie.satterfield@jacksonlewis.com

Dated this 18th day of August 2025.

*<u>/s/ L. Michelle Gessner</u>*
L. Michelle Gessner, NCSB#26590
GessnerLaw, PLLC
602 East Morehead
Charlotte, North Carolina 28202
Tel: (704) 234-7442; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com

*Attorney for Plaintiff*