# Exhibit P

## Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant at Int. # 6 and #7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action 3:24-cv-01068-FDW-SCR**

| | |
|---|---|
| BETH ARBUCKLE,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Wells Fargo Bank, N.A. ("Defendant"), by and through undersigned counsel, serves these responses to Plaintiff's First Set of Interrogatories. These responses reflect Defendant's present knowledge and the results of its investigation to date. Defendant reserves the right to amend or supplement these responses as may be necessary or appropriate in the future.

**RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1:** Identify all persons involved in any decision affecting Plaintiff's employment, job duties, performance evaluation, or compensation from 2021 through present.

**ANSWER: Defendant objects to the date range 2021 through present because the allegations in Plaintiff's Complaint are related to March 2022 and thereafter. Defendant further objects that the Interrogatory is overly broad and not proportional to the needs of this case because of the breadth of requesting "all persons involved" in "any decision" affecting any aspect of "Plaintiff's employment." Subject to and without waiving those objections, and narrowing the response to the allegations in Plaintiff's Complaint, and based on Defendant's**

**<u>Interrogatory No. 6:</u>** Identify all reorganizations or changes to Plaintiff's reporting structure from 2021 through 2024, including decision-makers, business justifications, and dates implemented.

**ANSWER: Defendant objects to the date range 2021 through present because the allegations in Plaintiff's Complaint are related to March 2022 and thereafter. Defendant further objects that the Interrogatory is overly broad and not proportional to the needs of this case because of the breadth of the request to identify "all persons involved" in "any decision" affecting any aspect of "Plaintiff's employment." Subject to and without waiving those objections, and narrowing the response to the allegations in Plaintiff's Complaint, the reorganizations that Plaintiff has referenced are:**

> **Summer 2022- The business decided to bring the Balance Sheet and Revenue COE teams together within FP&A. Plaintiff's position was therefore transferred to the FP&A team and went from reporting to LeRoy Davis to reporting to Jamey Escaler. LeRoy Davis was the decisionmaker.**
>
> **Fall 2022- Preeti Mone began building a finance team focused on deposit forecasting to support products. Preeti Mone, Steve Macko, Marc Winniford, and other business leaders participated in the decision. As a result, some of Plaintiff's direct reports, as well as other employees who reported to other managers in the function of deposit forecasting, began reporting to a manager on Ms. Mone's team.**
>
> **June 2023 – Jamey Escaler moved to a different position with Defendant. Steve Macko selected Heather Boucher for the position Escaler vacated, and Plaintiff began reporting to Heather Boucher.**
>
> **Fall 2023- Following the resignation of the leader of the Pricing and Profitability team who was based in Canada, Steve Macko and Heather Boucher reallocated his team**

**members as direct reports to Plaintiff and had Plaintiff manage this team. This was to give Plaintiff a broader scope and span of responsibility.**

**Interrogatory No. 7**: Describe all factors and criteria considered in determining Plaintiff's mid-year and year-end 2022 performance ratings.

**ANSWER: The factors and criteria considered are identified in the performance evaluation rating documents (WELLS FARGO 014582-14592 and WELLS FARGO 014717 – WELLS FARGO 014747) which are incorporated herein by reference. For the year-end performance rating, there was a ratings curve for the Finance Division team. Applying the ratings curve and the performance rating scale, Plaintiff's contributions were considered in combination with consideration of the contributions of all others on the Finance Division Team reporting to Steve Macko.**

**Interrogatory No. 8**: Identify all employees who reported to LeRoy Davis, Jamey Escaler, or Steven Macko in 2022 and state each employee's position and 2022 performance rating.

**ANSWER: This information is contained in Defendant's document production at Bates Range WELLS FARGO 000001- WELLS FARGO 000019 and is incorporated herein by reference. Also see documents produced at Bates Range WELLS FARGO 014612 – WELLS FARGO 14628 and WELLS FARGO 014661 – WELLS FARGO 014674 and are incorporated herein by reference.**

**Interrogatory No. 9**: Identify all employees within Plaintiff's division who requested or were granted or denied remote-work or hybrid accommodations for medical reasons between 2021 and present.

**ANSWER: All employees in Plaintiff's division were permitted to work a hybrid schedule that allowed for up to two days of remote work per week. Plaintiff, Philippe Arnal,**

**proportional to the needs of this case and unduly burdensome. Preparing a list of every single fact over a three-year period that supports Defendant's contentions would be unduly burdensome and is not proportional to the needs of this case.**

**Interrogatory No. 25**: For each denial stated in the accompanying Plaintiff's Requests for Admissions, please identify all facts supporting the denial, all witnesses who could testify in support of the denial, and all documents supporting the denial.

**ANSWER: Defendant objects to this Interrogatory on this basis that its subparts exceed the 25 interrogatories allowed under Fed. R. Civ. P. 33 (a)(1) and the Case Management Order. Defendants further object that listing "all facts," "all witnesses," and "all documents" that support each denial stated in Plaintiff's Requests for Admissions is unduly burdensome. Subject to and without waiving those objections, please refer to all witnesses identified and all documents produced.**

Dated the 17th day of November, 2025.

**JACKSON LEWIS P.C.**

BY: */s/ Stephanie Satterfield*
FLORENCE THOMPSON
N.C. Bar No. 55195
200 S. College St., Suite 1550
Charlotte, NC 28202
Telephone: (980) 465-7254
Florence.Thompson@jacksonlewis.com

STEPHANIE SATTERFIELD
S.C. Bar No. 68791
15 South Main Street, Suite 700
Greenville, SC 29601
Telephone: (864) 672-8048
Stephanie.Satterfield@jacksonlewis.com
*Admitted Pro Hac Vice*

***Attorneys for Defendant***

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action 3:24-cv-01068-FDW-SCR**

| | |
|---|---|
| BETH ARBUCKLE,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on November 17, 2025, the foregoing ***Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant*** was served on opposing counsel via email as follows:

L. Michelle Gessner, Esquire
Gessner Law, PLLC
602 East Morehead Street
Charlotte, NC 28202
michelle@mgessnerlaw.com

**JACKSON LEWIS P.C.**

BY: */s/ Stephanie Satterfield*
FLORENCE THOMPSON
N.C. Bar No. 55195
200 S. College St., Suite 1550
Charlotte, NC 28202
Telephone: (980) 465-7254
Florence.Thompson@jacksonlewis.com

STEPHANIE SATTERFIELD
S.C. Bar No. 68791
15 South Main Street, Suite 700
Greenville, SC 29601
Telephone: (864) 672-8048
Stephanie.Satterfield@jacksonlewis.com
*Admitted Pro Hac Vice*

***Attorneys for Defendant***