UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-01068-FDW-DCK

| | | |
|---|---|---|
| **BETH ARBUCKLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **WELLS FARGO BANK, NA** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 22.) This matter is fully briefed and ripe for ruling. (Doc. Nos. 22, 23, 28, 33.) For the reasons stated below, Defendant's Motion is **DENIED**.

**THIS MATTER** is also before the Court on Plaintiff's Motion for Continuance to Respond to Defendant's Motion for Summary Judgment. (Doc. No. 26.) Because the Court is denying Defendant's Motion for Summary Judgment, Plaintiff's Motion is **DENIED AS MOOT**.

Summary judgment is appropriate if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the burden shifts and the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n.11 (1986) (quoting Fed. R. Civ.

P. 56(e)). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

The Court denies Defendant's Motion for Summary Judgment. (Doc. No. 22.) After a thorough review of the record, it is clear to the Court a material dispute exists as to whether Plaintiff suffered an adverse action for her retaliation claims under the Americans with Disability Act of 1990 and Family Medical Leave Act (the "FMLA"). Next, a material dispute exists as to whether Plaintiff suffered an adverse employment action for her claim of disability discrimination. Additionally, a material dispute exists whether Defendant's work-related contact with Plaintiff during her FMLA leave was *de minimis* or whether she suffered prejudice therefrom. A material dispute also exists as to whether Defendant had legitimate, non-discriminatory and non-retaliatory reasons for its actions. Therefore, because the parties' opposing facts and interpretations of the dealings that transpired among them warrants resolution by a jury, Defendant is not entitled to judgment as a matter of law at this juncture.

Finaly, the Court notes Defendant asserts Plaintiff did not exhaust her administrative remedies for her failure to promote claims. (Doc. No. 23, p. 8.) Plaintiff correctly points out she did not assert a separate failure to promote claim; rather, Defendant's failure to promote conduct was one aspect of her overall discrimination and retaliation claims. (Doc. No. 28, p. 10.) Nonetheless, Defendant asserts in its Reply these allegations are still barred because all of Plaintiff's non-promotion events occurred prior to the filing of her Equal Opportunity and Employment Charge but were not included therein. (Doc. No. 33, p. 1.) The Court agrees with Plaintiff.

"[F]actual allegations made in formal litigation must correspond to those set forth in the administrative charge." Walton v. Harker, 33 F.4th 165, 172 (4th Cir. 2022) (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005)). If the "administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit[,]" then the plaintiff failed "to exhaust his administrative remedies . . . ." Chacko, 429 F.3d at 506. Nonetheless, factual allegations which are "reasonably related" to those in the subsequent litigation or "would 'naturally have arisen from an investigation[]' . . . may be newly asserted in the subsequent litigation." Boudreaux v. Booz Allen Hamilton, Inc., No. CV 3:25-CV-00051, 2026 WL 788952, at *6 (W.D. Va. Mar. 20, 2026) (quoting Parker v. Reema Consulting Servs., Inc., 915 F.3d 297, 306 (4th Cir. 2019)); See Chacko, 429 F.3d at 510 (citing Kersting v. Wal-Mart Stores, Inc., 250 F.3d 1109, 1118 (7th Cir. 2001) ("The EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals[]")).

Plaintiff's failure to hire allegations in her Complaint reasonably relate to her Charge. The alleged failure to hire events took place during the same time frame as the other events in the Charge, describes the same conduct of alleged retaliation due to her disability, and implicates the same individuals, Plaintiff and Defendant. (Doc. Nos. 1, pp. 5-10; 7-2.) See Chacko,429 F.3d at 506; see also Boudreaux, 2026 WL 788952, at *6 (finding the complaint's factual allegations reasonably related to those in the charge when "[b]oth sets of facts involve the same actor (Graham), the same employer (BAH), and the same course of conduct (alleged retaliation following Boudreaux's complaints)[]"). Moreover, the alleged failure to hire events could have reasonably been discovered through an administrative investigation. Plaintiff, therefore, did not fail to exhaust her administrative remedies.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment. (Doc. No. 22), is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's Motion for Continuance to Respond to Defendant's Motion for Summary Judgment. (Doc. No. 26), is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: June 12, 2026

Frank D. Whitney
Senior United States District Judge