**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:24-CV-01068-FDW-DCK**

| | | |
|---|---|---|
| **BETH ARBUCKLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **WELLS FARGO BANK, NA** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Protective Order, (Doc. No. 18). The matter has been fully briefed and is ripe for review. (Doc. Nos. 18–22.) For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On October 6, 2025, Plaintiff noticed the deposition of Mike Santomassimo ("Mr. Santomassimo"), Defendant's Chief Financial Officer and Senior Vice President. (Doc No. 20–2, p. 2.) Defendant opposed the deposition, asserting Mr. Santomassimo lacked unique personal knowledge about the case, Mr. Santomassimo's testimony would be duplicative, and Plaintiff had not utilized a less intrusive methods to obtain discovery. (Doc. No. 19, pp. 2–3.) Plaintiff agreed to postpone the deposition of Mr. Santomassimo but noted "he is a relevant decision-maker and material witness and reserves the right to take his deposition if needed or call him as a trial witness." (Doc No. 19–1, p. 2.) Plaintiff then deposed several of Defendant's employees who all denied Mr. Santomassimo's involvement. (Doc. Nos. 19, p. 3; 20, p. 3.)

In December 2025, Defendant produced a redacted internal investigatory report to Plaintiff. (Doc. No. 19–7, p. 3.) Therein, one of Defendant's employees indicated he recommended Plaintiff for a higher rating on her performance review, but Mr. Santomassimo overruled his recommendation. (Doc. No. 20–7, pp. 41, 58.) After receiving this report, Plaintiff sent a Second Notice of Deposition of Mr. Santomassimo to Defendant on December 4, 2025, notifying Defendant she would depose Mr. Santomassimo one week later. (Doc. No. 19–6, p. 2.) On December 12, 2025, Defendant filed this present Motion. (Doc. No. 18.) Defendant argues the "apex doctrine" prohibits Plaintiff from deposing Mr. Santomassimo and Plaintiff improperly noticed Mr. Santomassimo. (Doc. No. 19.) Defendant further asserts even if Plaintiff is allowed to depose Mr. Santomassimo, the nature, time, and scope of the deposition should be limited. (Id.) Plaintiff filed a Response opposing the Motion on December 29, 2025. (Doc. No. 20.) Defendant filed a reply on January 5, 2026. (Doc. No. 21.)

## II. STANDARD OF REVIEW

"The federal rules are interpreted liberally to allow very broad discovery." Ikon Off. Sols., Inc. v. Konica Minolta Bus. Sols., U.S.A., Inc., No. 3:08-CV-539-RLV-DCK, 2009 WL 4429156, at *2 (W.D.N.C. Nov. 25, 2009) (citing Herbert v. Lando, 441 U.S. 153, 177 (1979); Schlagenhauf v. Holder, 379 U.S. 104, 114–115 (1964)). Notwithstanding, a party may move for a protective order if the discovery is used to annoy, embarrass, oppress, or cause an undue burden or expense. FED. R. CIV. P. 26(c)(1). The Court on a motion or *sua sponte* "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that[] . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[] . . . ." FED. R. CIV. P. 26(b)(2)(c)(i).

## III. ANALYSIS

### A. THE "APEX DOCTRINE"

Defendant first asserts the "apex doctrine" should preclude the deposition of Mr. Santomassimo. (Doc. No. 19, p. 5.) Plaintiff disagrees. (Doc. No. 20.) The Court finds Plaintiff is entitled to depose Mr. Santomassimo pursue to Federal Rule of Civil Procedure 26.

The Fourth Circuit has yet to formally adopt the apex doctrine and only acknowledged the doctrine in a recent opinion. See Kendrick v. Carter Bank & Tr., Inc., No. 24-1377, 2025 WL 879703, at *3, n. 5 (4th Cir. Mar. 21, 2025) (explaining a magistrate judge relied on the apex doctrine). However, it has been used by this Court on various occasions. See Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC, No. 3:19-CV-00515-KDB-DSC, 2021 WL 5826786, at *3 (W.D.N.C. Dec. 8, 2021); Performance Sales & Mktg. LLC v. Lowe's Companies, Inc., No. 5:07-CV-00140-RLV, 2012 WL 4061680 (W.D.N.C. Sept. 14, 2012). Grounded in Rule 26, the apex doctrine "was developed as an aid in ensuring that the liberal rules of procedure for depositions are used only for their intended purpose and not as a litigation tactic to create undue leverage by harassing the opposition or inflating its discovery costs." Performance Sales & Mktg. LLC, 2012 WL 4061680, at *3 (footnote omitted); see Turner v. Amazon.com Servs. LLC, No. 1:24-CV-01965 (LMB/WBP), 2025 WL 1748683, at *2 (E.D. Va. June 24, 2025). The apex doctrine provides before a party can depose a high-ranking corporate officer, it must show "(1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining that information has been exhausted." Duke Energy Carolinas, LLC , 2021 WL 5826786, at *3 (internal brackets omitted) (quoting Performance Sales & Mktg. LLC, 2012 WL 4061680, at *3; JTH Tax, Inc. v. Aime, No. 2:16CV279, 2016 WL 9223926, at *5 (E.D. Va. Dec. 13, 2016)).

The apex doctrine rests on the presumption the highly ranking executive does not have "any knowledge of the relevant facts." Id.; see Turner, 2025 WL 1748683 ("[D]istrict courts throughout the country have used their discretion to quash depositions of high-ranking corporate executives or officials when those individuals did not have superior, unique, or personal knowledge that could not have been gathered through other means.") This is because, generally, high level officials are "removed from the daily subjects of litigation and have no unique and personal knowledge of the facts at issue . . . ." Turner, 2025 WL 1748683 (internal quotation marks omitted) (quoting Cunagin as Next Friend of J.C. v. Cabell Huntington, Hosp., Inc., No. 3:19-CV-00250, 2021 WL 1518877, at *4 (S.D.W. Va. Apr. 16, 2021)). However, an apex official "cannot escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge." Performance Sales & Mktg. LLC, 2012 WL 4061680, at *4 (quoting 8A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2037 (3d ed. 2012)).

Applying these principles here, the Court finds Plaintiff has made a sufficient showing under Rule 26 to depose Mr. Santomassimo. Mr. Santomassimo is Defendant's Chief Financial Officer and Senior Vice President who, according to Defendant's internal investigatory report details, made the final approvals on Plaintiff's performance review rating. (Doc Nos. 20–2, p. 2; 20–7, p. 40.) Defendant contends Mr. Santomassimo has no unique or special knowledge surrounding the decision to lower Plaintiff's performance review rating and deposing him would be duplicative. (Doc. No. 19, pp. 7–9.) But Defendant's internal investigatory report makes clear Mr. Santomassimo was consulted about Plaintiff's performance review and directly influenced its result. (Doc No, 20–7, p. 40.) Moreover, Plaintiff appears unable to obtain this information elsewhere as no other deposed individual has mentioned Mr. Santomassimo. (Doc. Nos. 19, p. 3;

20, p. 3.) It is evident to the Court a deposition of Mr. Santomassimo would lead to information relevant to this case. See Turner, 2025 WL 1748683, at *4 (finding the apex doctrine did not prohibit a deposition when the corporate officer was the supervisor of the unit where the disputed event occurred, was consulted about such event, and proposed the final list of employees for termination). Accordingly, Defendant's Motion is DENIED.

### B. TIMING AND SCOPE OF DISCOVERY

The Court also notes Defendant alleges Plaintiff improperly and unilaterally noticed Mr. Santomassimo for deposition when she provided a seven-day notice. (Doc. No. 19, p. 9.) The determination whether a notice for deposition is reasonable pursuant to Federal Rule of Civil Procedure 30(b)(1) lies with the Court. See Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." (citing Mutual Federal Sav. & Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989))). In the Court's discretion, Plaintiff's seven-day notice for a deposition was reasonable.

Defendant also asks the Court to impose varying restraints on Mr. Santomassimo's deposition such as limiting the nature, time, and scope of the deposition and requiring Plaintiff's counsel to consult with Defendant for Mr. Santomassimo's availability. (Doc. No. 19, p. 10.) A review of the parties' briefings shows both parties raise various accusations against the other's litigation tactics. (Doc. Nos. 19, pp. 10–12; 20, pp. 11–13.) Therefore, the Court declines to grant Defendant its requested relief. However, both parties are reminded they "have an obligation to cooperate with respect to planning and executing discovery or resolving discovery disputes." Anderson v. Reliance Standard Life Ins. Co., No. WDQ-11-1188, 2011 WL 4828891, at *1 (D. Md. Oct. 11, 2011).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order, (Doc. No. 18), is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 14, 2026

Frank D. Whitney
Senior United States District Judge